### EDWARD S. BROWN AGT. THE UNITED STATES.

*Confiscation: Rebellion: Appeal: Error: Practice: Pardon.*

1. Proceedings under the acts of Congress for the confiscation of property, on account of acts done or permitted in aid of the late rebellion, are not admiralty cases, although the statute requires such proceedings to conform, as far as may be, to the forms and modes of proceeding in admiralty. They are common law cases in their essence, like other revenue seizures on land, and the mode of bringing such cases into a revisory court, is by writ of error.

2. A person who accepts and complies with the conditions of a pardon granted by the President of the United States, for acts done or permitted in aid of the late rebellion, may plead such pardon in proceedings for the confiscation of his property.

3. Such pardon restores all the rights of property of the grantee, which he had lost by his offenses, except in those cases where the property has become vested in other persons, by judicial proceedings, and with such other exceptions as the pardon itself prescribes.

4. Until an order of distribution is made of proceeds of property sold,

or until the money is actually paid into the hands of the party entitled to receive it as informer, or into the Treasury of the United States, it is within the control of the court, and no vested right to it has accrued so as to prevent the pardon from restoring it to the petitioner.

APPEAL and Error from the District Court of the United States for the District of Kansas.

Certain property of the plaintiff in error, was confiscated in 1863, by proceedings in the district court, under the acts of Congress, for acts done and permitted in aid of the rebellion. The fund realized from the property, had been brought into court, and there remained, when the plaintiff in error, in 1866, presented a petition to the district court, praying to be permitted to take the fund, after deducting costs, out of court, and set forth as one of the grounds for the granting of his petition, that he had been pardoned by the President, for the offenses which were the grounds of the proceedings against his property. The district court refused to permit this petition to be filed, whereupon the plaintiff in error, prosecuted an appeal and writ of error to the circuit court.

*By the Court*—MILLER, J.

The Supreme Court of the United States, decided at its term just closed, after full argument and consideration, that proceedings under the acts for confiscation of property, on account of acts done or permitted, in aid of the late rebellion, were not admiralty cases, although the statute required those proceedings to conform, as far as might be, to the forms and modes of

proceeding in admiralty. That they were common law cases in their essence, like other revenue seizures on land, and that the mode of bringing such cases into a revisory court, was by writ of error.

Under this ruling, the appeal in this case must be dismissed.

The case remains, however, to be heard in this court, on the matters properly presented by the writ of error.

The bills of exception relate to several matters, some of which are mere irregularities, and others are supposed to go to the jurisdiction of the district court over the whole case.

In the view which I take of the case, it is only necessary to consider one of these points. It is that which relates to the plea of pardon.

On the 11th of April, 1866, the plaintiff in error presented to the district court, a petition, in which, among other things, he sets forth a pardon by the President, for the offenses which are the grounds of the proceeding against the property, which is the subject of it.

This pardon, he alleges, was duly accepted by him, and all its conditions complied with.

Among the conditions of the pardon, are two, pertinent to the case before us.

" 1. That said Edward S. Brown, first pay all costs which may have accrued in any proceedings instituted or pending against his person or property, before the date of the acceptance of this warrant.

" 2. That the said Edward S. Brown, shall not, by

virtue of this warrant, claim any property, or the proceeds of any property that has been sold by the order, judgment, or decree of a court, under the confiscation laws of the United States."

By accepting this pardon, and by relying on it in court, he consents, that so far as costs had been incurred in this case, they should be paid by him, and he avers in his petition, that the costs have been paid out of the proceeds of the forfeited debts, paid into court by its order. This he consents to, and relies upon as a compliance with the first condition above recited. He is, therefore, not entitled to contest the validity of these proceedings, so far as any part of the money realized from them has been appropriated to the payment of legal costs in the case.

What effect, then, has the President's pardon upon the rights of the plaintiff in error, to the property confiscated by the decree of the district court?

I do not purpose in this place, to argue the effect of a pardon by the President, on the rights of property in such cases. It is sufficient for me to say, that the effect of such a pardon has been several times fully and ably argued in the supreme court, and such pardons have, by its order, in two instances, been pleaded in that court, in cases of this kind pending there, on appeal or writ of error.

While it has not become necessary as yet, in that court, to pass formally on the effect of these pardons, or to deliver an opinion on the subject, except in the case of Garland *ex parte*, 4 Wallace, 333, which referred alone to the effect of such pardon in removing

disabilities of a personal character, I feel at liberty to state my belief that there is no difference of opinion among the members of that court, on the proposition, that such a pardon restores all the rights of property of the grantee in the pardon, which he had lost by his offenses, except in those cases where the property had become vested in other persons, by judicial proceedings, and with such other exceptions as the pardon itself prescribes.

In the case before us, in the petition of plaintiff, which the district court refused permission to be filed, it is alleged that the money paid into court, or to the marshal, remains subject to the order of the court. It is my opinion, that until an order of distribution is made of proceeds of property sold, or until the money is actually paid into the hands of the party entitled to receive it, as informer, or into the treasury of the United States, it is within the control of the court, and no vested right to it has accrued so as to prevent the pardon from restoring it to the petitioner. Norris agt. Crocker, 13 Howard, 429.

ORDER.—The result of these views is, that the judgment, or order of the district court, overruling the motion for leave to file plea of pardon, is reversed, that the case be remanded to that court, with directions to permit the petition of plaintiff in error, setting forth his pardon, to be filed, and if after a hearing, it shall be found that he has complied with the conditions of his pardon, and that he has actually been pardoned,

that then, after deducting the costs of the proceeding against him, up to the time of his offering to file said petition, all the property or money remaining within the control of the court under these proceedings, be paid over to him, and for such other and further proceedings in said case as may be in conformity to this opinion.

Neither party recovers costs in this court.